■ BENJAMIN J. ANDREWS, JR., et al., Appellants, v TOWN OF ORCHARD PARK PLANNING BOARD et al., Respondents. (Appeal No. 2.) — Appeal unanimously dismissed, without costs (see *Catalogue Serv. v Insurance Co.,* 90 AD2d 838). (Appeal from order of Supreme Court, Erie County, Bayger, J. — reargument.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY FIELD COLVIN, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant was convicted of grand larceny in the third degree for allegedly stealing a sum of money in an envelope that was left unattended on a desk at an insurance agency office. The record reveals that the defendant entered the office to obtain automobile insurance. He was directed to have a seat at a desk where an agency employee had earlier placed cash receipts into a bank deposit envelope, wrote the amount of cash on the outside of the envelope and placed it in a basket on the desk. The employee took defendant's license and registration and made Xerox copies of them. She left her desk on two occasions to obtain various forms. When she returned the second time, defendant was in the front area of the office looking through a magazine. He informed the employee that he did not have sufficient funds for the initial payment and stated that he would return with the required amount on Monday. Soon after defendant left, the employee realized the deposit envelope was gone. At trial, all three employees of the insurance company testified as to defendant's presence in the office, but no one saw defendant take anything. Defendant took the stand in his own defense and admitted being at the insurance agency on the day in question but denied that he took any money from the office. Defendant's conviction rests solely upon circumstantial evidence showing that he had an opportunity to commit the crime. To sustain a conviction based entirely upon circumstantial evidence, the facts from which the inference of defendant's guilt is drawn must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis of innocence (*People v Benzinger,* 36 NY2d 29, 32). Here, the facts established nothing more than defendant had an opportunity to commit the crime. Upon this record, the proof does not exclude the hypothesis of theft by others and thus fails to establish defendant's guilt beyond a reasonable doubt (*People v Aleo,* 17 AD2d 911). (Appeal from judgment of Niagara County Court, Hannigan, J. — grand larceny, third degree.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.